DONOVAN & DONOVAN
Casey Donovan, Esq.
California State Bar Number: 182442
The Senator Building
105 West F Street, Fourth Floor
San Diego, California 92101
Telephone: (619) 696-8989

Attorney for Defendant Molina

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08-CR 1661-W |
| ) | |
| Plaintiff, ) | Date: August 25, 2008 |
| ) | Time: 2:00 P.M. |
| v. ) | |
| ) | NOTICE OF MOTIONS AND |
| AMERICA CRYSTAL MOLINA, ) | MOTIONS TO: |
| ) | 1) COMPEL DISCOVERY; |
| Defendant. ) | 2) NOTICE OF 404(B); |
| ) | 3) ALLOW ATTORNEY |
| ) | CONDUCTED *VOIR* |
| ) | *DIRE*; AND |
| ) | 4) LEAVE TO FILE FURTHER |
| ) | MOTIONS |
| ) | |
| ) | |

TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
       REBECCA S. KANTER,  ASSISTANT UNITED STATES ATTORNEY:

       **PLEASE TAKE NOTICE** that on Monday, August 25, 2008, at 2:00 p.m., or as soon

thereafter as counsel may be heard, the defendant America Crystal Molina [Molina], by and

through her attorney Casey Donovan, will ask this Court to issue an order granting the motions

listed below.

///

## MOTIONS

The defendant, America Crystal Molina, by and through her attorney, Casey Donovan, asks this Court pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution, Federal Rules of Criminal Procedure 12, 16, 26.2, and all other applicable statutes and local rules for an order to:

1. Compel discovery;

2. Notice of 404(b);

3. Allow attorney conducted *voir dire*;

4. Leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Dated: August 11, 2008                    Respectfully submitted,

                                            S/ Casey Donovan  

                                          **CASEY DONOVAN**
                                          Attorney for Defendant America Crystal Molina

molina,america-nm

1  DONOVAN & DONOVAN
   Casey Donovan, Esq.
2  California State Bar Number 182442
   The Senator Building
3  105 West F Street, Fourth Floor
   San Diego, California 92101
4  Telephone: (619) 696-8989

5  Attorney for Defendant America Crystal Molina

6

7

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11                **(HON. THOMAS J. WHELAN)**

12  UNITED STATES OF AMERICA,       )    Case No. 08-CR 1661-W
                                    )
13          Plaintiff,              )    Date: August 25, 2008
                                    )    Time: 2:00 P.M.
14  v.                              )
                                    )
15  AMERICA CRYSTAL MOLINA,         )    STATEMENT OF FACTS AND
                                    )    MEMORANDUM OF POINTS AND
16          Defendant.              )    AUTHORITIES IN SUPPORT OF
                                    )    DEFENDANT'S MOTIONS
17  _____  )

18

19

20                        **I.**

21               **STATEMENT OF FACTS**

22        The following statement of facts is based, in part, on materials received from the

23  government.  The facts alleged in these motions are subject to amplification and/or modification

24  at the time these motions are heard.

25        On or about May 21, 2008, the government  unsealed an indictment naming the

26  defendant, in single count, alleging a violation of title 18 U.S.C. 2113(a), bank robbery, which

27  occurred on May  28, 2004. Ms. Molina was arrested at her car near her residence in San Diego,

28  California, on June 26, 2008, and brought to court on the warrant from this case. She is presently

                        1                           08-CR 1661-W

1   in custody on $15,000 bond secured by real property.

2       The government has so far turned over approximately 42 pages of discovery aside from

3   the indictment itself.  As of the time of this motion individual discovery as to Ms. Molina,

4   including any statements he may have made, has not been turned over to counsel. Counsel has

5   spoken to Ms. Rebecca S. Kanter, the Assistant United States Attorney handling this matter,

6   who has informed counsel this information will be turned over in the near future.

7

8                                    **II.**

9                        **MOTION TO COMPEL DISCOVERY**

10      Ms. Molina moves for the production by the government of the following discovery.  This

11  request is not limited to those items that the prosecutor knows of, but rather includes all

12  discovery listed below that is in the custody, control, care, or knowledge of any "closely related

13  investigative [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989):

14

15  **A.**    <u>Ms. Molina is Entitled to Discovery of Her Statements</u>.

16      Pursuant to Rule 16(a)(1)(A), <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and the Fifth and

17  Sixth Amendments to the United States Constitution, Ms. Molina requests disclosure of any

18  statements, whether oral, written, or recorded made by him which are in the possession, custody,

19  or control of the government, or which by the exercise of due diligence may become known to

20  the government, regardless of to whom made.  This includes copies of any written or recorded

21  statements he made; the substance of any statements made by Ms. Molina which the government

22  intends to offer in evidence at trial.  Ms. Molina also specifically requests that all arrest reports

23  which relate to the circumstances surrounding his arrest or any questioning, if such reports have

24  not already been produced in their entirety, be turned over to her.  This request includes, but is

25  not limited to, any rough notes, records, recordings (audio or visual), reports, transcripts or other

26  documents in which statements of Ms. Molina are contained. Ms. Molina is also requesting any

27  statements she is alleged to have made during any arrest or detention, whether or not charged in

28  state court and which is connected in any way to the case charged herein,   It also includes the

substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  <u>See also</u> <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975); <u>United States v. Lewis</u>, 511 F.2d 798 (D.C. Cir. 1975); <u>United States v. Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967); <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir.), <u>cert. denied</u>, 393 U.S. 867 (1968).  Mr. Kountz also requests any response to any <u>Miranda</u> warnings which may have been given to him, on the date of his arrest.  <u>See</u> <u>United States v. McElroy</u>, 697 F.2d 459 (2d Cir. 1982).  This request includes all statements made by Ms. Molina to state officials as well or any individuals whom are cross-designated.

**B.**    <u>Prior Convictions or Prior Similar Acts</u>.

Rule 16(a)(1)(B) of the Fed. R. Crim. P., provides that "upon request of the defendant, the government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government . . . ."  Ms. Molina, therefore, requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

Ms. Molina also requests the government be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid. 404(b).  Ms. Molina must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial.  <u>See</u> <u>United States v. Cook</u>, 608 F.2d 1175 (9th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1034 (1980).

Ms. Molina requests a pre-trial conference on the morning of trial in order to resolve any issues raised by the government's intention of introducing evidence pursuant to Fed. R. Evid. 404 and 609.

08-CR 1661-W

**C.**    Ms. Molina is Entitled to Examine the Evidence the Government Intends to Rely Upon at Trial.

Rule 16(a)(1)(C) authorizes a defendant to inspect and copy or photograph all books, papers, documents, photographs, and tangible objects which are in the possession, custody or control of the government and which are material to the preparation of the defense or intended for use by the government as evidence in it case during trial.

(1)  Specifically, Ms. Molina requests the opportunity to inspect and photograph all evidence seized from Ms. Molina, all fingerprint analysis done on any of the evidence in this case, all identification procedures utilized by the government agents;

(2)  The defense requests all evidence seized as a result of any search, either warrantless or with a warrant, in this case.  This is available under Fed. R. Crim. P. 16(a)(1)(C); and any books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to use as evidence-in-chief at trial;

(3)  Ms. Molina requests all arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Ms. Molina. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I). Ms. Molina specifically requests that all dispatch tapes or any other audio or visual tape recordings, including the transcripts and recordings of any videotape foottage from the bank or parking lot, which exist and which relate in any way to his case and or her arrest be preserved and provided in their entirety; and

(4)  Ms. Molina requests all other documents and tangible objects, including clothing, notes, books, papers, documents, photographs, and copies of any such items which were obtained from or belong to Ms. Molina.

(5)  The defense requests all photographs, video tapes or other material used to memorialize any surveillance done in this case.

**D.**   Ms. Molina is Entitled To All Evidence Tending To Affect The Credibility of The
Prosecution's Case.

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97
(1976), and Giglio v. United States, 405 U.S. 150 (1972),  Ms. Molina requests the Court to
order the government to immediately disclose all evidence in its possession favorable to Ms.
Molina on the issue of guilt and which tends to affect the credibility of the prosecution's case.
This request specifically includes any impeaching evidence such as the prior records, of any
material witnesses in this case.  This request also includes any expressed or implied promises
made by the government to any material witnesses in exchange for their testimony in this case.
See, e.g., United States v. Bagley, 473 U.S. 667 (1985); Napue v. Illinois, 360 U.S. 264 (1959);
United States v. Gerard, 491 F.2d 1300 (9th Cir. 1974).

The defense requests any and all evidence including but not limited to:

(1) any evidence that any prospective government witness is biased or prejudiced against
the defendant, or has a motive to falsify or distort his or her testimony.  Pennsylvania v. Ritchie,
480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir.), cert. denied, 489 U.S.
1032 (1988); United States v. Brumel-Alvarez, 991 F.2d 1452 (9th Cir. 1992) (Ninth Circuit
Court reversed Judge Enright for failure to turn over the "Levine Memorandum" which contained
information critical about a government witness);

(2) any evidence that any prospective government witness has engaged in any criminal act
whether or not resulting in a conviction.  See Rule 608(b), Federal Rules of Evidence and Brady;
any evidence that any prospective witness is under investigation by federal, state or local
authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir.), cert.
denied, 474 U.S. 945 (1985);

(3) any evidence, including any medical or psychiatric report or evaluation, tending to
show that any prospective witness' ability to perceive, remember, communicate, or tell the truth
is impaired; and any evidence that a witness has ever used narcotics or other controlled
substance, or has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);
Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

08-CR 1661-W

(4) the name and last known address of each prospective government witness.  See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses).

(5) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

(6) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify her or who was unsure of her identity, or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

**E.**     Ms. Molina is Entitled to Any Information That May Result in a Lower Sentence Under The Guidelines.

This information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines;

**F.**     The Defense Requests the Preservation of All Evidence.

The defendant specifically requests that all audio or video tapes, wiretap conversations, such as dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the

1    events leading to the arrest in this case or in the other charges alleged in the indictment be

2    preserved.  This request includes, but is not limited to, any samples (including but not limited to

3    blood, urine, fingerprints or narcotics) used to run any scientific tests, any narcotics, and any

4    evidence seized from any third party.

5              It is requested that the government be ordered to <u>question</u> all the agencies and individuals

6    involved in the prosecution and investigation of this case to determine if such evidence exists,

7    and if it does exist to inform those parties to preserve any such evidence;

8

9    **G.**    <u>The Defense Requests All Jencks Material</u>.

10             The defense requests all material to which Defendant is entitled pursuant to the Jencks

11   Act, 18 U.S.C. § 3500, reasonably in advance of trial, including audio and visual tape recordings,

12   such as dispatch tapes, recordings of any wiretapped conversations or consensual taped

13   conversations,  and all notes or reports with regard to his preparation for testifying.  A verbal

14   acknowledgment that "rough" notes constitute an accurate account of the witness' interview is

15   sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v.</u>

16   <u>United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir.

17   1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the

18   interview the notes are then subject to the Jencks Act;

19

20   **H.**    <u>Ms. Molina requests all other information relevant to her defense</u>.

21             The defendant requests disclosure of evidence including but not limited to the following:

22             (1) Any statement that may be "relevant to any possible defense or contention" that he

23   might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

24             (2)  Notice and a Written Summary of Any Expert

25   Testimony.

26             Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's request, the

27   government shall disclose to the defendant a written summary of testimony the government

28   intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-

1  chief at trial.  This summary must describe the witness' opinions, the basis and the reasons

2  therefore, and the witness' qualifications."

3       Ms. Molina specifically requests the government give him a written summary and notice

4  of any expert testimony the government intends to introduce;

5       (3)  <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the

6  defendant requests all statements and/or promises express or implied made to any government

7  witnesses, in exchange for their testimony in this case, and all other information which could

8  arguably be used for the impeachment of any government witnesses; and

9       (4)  <u>Henthorn Search</u>.  The defense requests that the prosecutor or some other attorney

10  familiar with the case be ordered to examine the personnel files for evidence of perjurious

11  conduct or other like dishonesty, or any other material relevant to impeachment, or any

12  information that is exculpatory to Ms. De La Cruz and that material be provided to the defense.

13  <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Dominguez-Villa</u>, 954

14  F.2d 562 (9th Cir. 1992).

15       (5) Reports of Scientific Tests or Examinations

16       Pursuant to Fed. R. Crim. P. 16(D), Ms. Molina requests the reports of all tests and

17  examinations conducted upon the evidence in this case, including but not limited to any

18  **fingerprint testing** done upon any evidence seized in this case;

19       (6) <u>Brady Material</u>

20       The defendant requests all documents, statements, agents' reports, and tangible evidence

21  favorable to the defendant on the issue of guilt and/or **which affects the credibility** of the

22  government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition

23  of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States</u>

24  <u>v. Agurs</u>, 427 U.S. 97 (1976);

25       (7)  <u>Personnel Records of Government Officers Involved in the Arrest</u>

26       The defendant requests all citizen complaints and other related internal affairs documents

27  involving any of the immigration officers or other law enforcement officers who were involved

28  in the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11

Cal.3d 531, 539 (1974).  Because of the sensitive nature of these documents, the government is the only source for obtaining these documents.

### III.

### THE GOVERNMENT MUST GIVE NOTICE OF THE GENERAL NATURE OF ANY EVIDENCE IT WILL ATTEMPT TO OFFER UNDER FED. R. EVID. 404(b)

Under the amendments to Fed. R. Evid. 404(b), which became effective December 1, 1991, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given three weeks before trial in order to give the defense time to investigate and prepare for trial.

### IV.

### MS. MOLINA SHOULD BE GIVEN ATTORNEY CONDUCTED VOIR DIRE

Under Fed. R. Crim. P. Rule 24(a), "the court  may permit the defendant or the defendant's attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination . . . ."

This case involves the alleged robbery of funds from a bank. It is the experience of counsel for Ms. Molina that prospective jurors in the Southern District of California have often had strong reaction to individuals charged with bank robbery  offenses.

### V.

### MS. MOLINA REQUESTS LEAVE TO FILE FURTHER MOTIONS

As noted above at the time of preparation of these motions, Ms. Molina and defense counsel has received approximately 42 pages of discovery from the government.  Counsel has not yet received much of the pertinent discovery as to Ms. Molina which would form the basis to move to suppress either statements, physical evidence, or both. It will be necessary to review the discovery in order to determine which specific motions will be required.

It is therefore requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the court grant the above motions.

DATED: August 11, 2008                    Respectfully submitted,

                                          S/ Casey Donovan

                                        **CASEY DONOVAN**
                                        Attorney for Defendant America Crystal Molina

molina, america-discmn

DONOVAN & DONOVAN
Casey Donovan
Attorney at Law
The Senator Building
105 West F. Street - 4th floor                          U.S.D.C. No.08-CR-1661(W)
San Diego, CA 92101

## DECLARATION OF SERVICE

I, undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which county the within mentioned delivery occurred, and not a party to the subject cause. My business address is 105 West F. Street, San Diego, California. I served the Defendant's Notice of Motion, Motion and Memorandum of Points and Authorities, of which a true and correct copy of the documents filed in this cause is affixed, by electronic filing to:

Rebecca S. Kanter, Assistant U.S. Attorney
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92188

The electronic filing was done by me at San Diego, California, on August 11, 2008.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 11, 2008 at San Diego, California.


        S/ Casey Donovan
        Casey Donovan

11                                                      08-CR 1661-W